UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 21-CR-00436 (CRC) |
| | ) |
| v. | ) |
| | ) |
| NORLAN JOSE CARRASCO LOPEZ, <br> also known as "Catracho," | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The United States, by and through the undersigned attorneys, respectfully moves to detain the Defendant, Norlan Jose Carrasco Lopez (the "Defendant"), pursuant to 18 U.S.C. § 3142(e). The Defendant was a member of a Colombian-based drug trafficking organization ("DTO") responsible for transporting large quantities of cocaine from Venezuela to Belize aboard a United States registered aircraft. The Defendant was extradited from Honduras to face drug trafficking charges in this District. As discussed below, the Defendant is charged with a drug trafficking offense that carries a presumption that no condition or combination of conditions will sufficiently guarantee the Defendant's presence in court or protect the safety of the community. Among other details, he faces significant jail time to include a mandatory minimum sentence of 10 years, has amassed substantial foreign contacts through his drug trafficking activities, has no immigration status or community ties in this District, is subject to an immigration detainer, and has demonstrated the ability to move between countries undetected. Accordingly, the Defendant poses a serious risk of flight and is a danger to the community. These threats cannot be mitigated by any condition or combination of conditions, and the Defendant should be detained pending trial.

1

**FACTUAL BACKGROUND**

On June 28, 2021, a grand jury sitting in this District returned an Indictment ("Indictment") charging the Defendant, and others, with conspiracy to distribute five kilograms or more of cocaine on board an aircraft registered in the United States, in violation of 21 U.S.C. §§ 959(c), 960, 963, and 18 U.S.C. § 2 (Count 1), and distribution of five kilograms or more of cocaine on board an aircraft registered in the United States, in violation of 21 U.S.C. §§ 959(c) and 960, and 18 U.S.C. § 2 (Count 2).  The Indictment also includes a criminal forfeiture allegation pursuant to 21 U.S.C. §§ 853 and 970.

The Government expects the Defendant to appear on October 14, 2022, for his initial appearance in this Court. The Government proffers the following facts in support of its motion for an order of detention pending trial:[1]

The Indictment in this case is the product of an ongoing investigation conducted by the Drug Enforcement Administration ("DEA").  The Government anticipates that the evidence at trial will show that from September 2018 until at least June 2021, the date of the indictment, the Defendant, a Honduran citizen. was a member of a DTO operating out of Colombia responsible for importing large quantities of cocaine from Venezuela to Belize aboard United States registered aircraft.

In  September 20199, law enforcement observed an  aircraft  land at a clandestine airstrip in Belize.  The Defendant and co-conspirators arrived at the airstrip in two vehicles, a pick-up truck, and a Sport Utility Vehicle (SUV), which pulled up alongside the plane.  Law enforcement observed two pilots exiting the plane, after which, the Defendant and co-conspirators began off-loading the cocaine into the pick-up truck.

---

[1] *See United States v. Smith*, 79 F.3d 1208, 1210 (D.D.C. 1996).

During the offload, Belize law enforcement authorities approached the Defendant and his co-conspirators, causing them to flee.  Several hours later, Belize law enforcement located and arrested the Defendant.  Following his arrest and after being advised of his Miranda rights and signing a waiver of rights form, the Defendant gave a statement to DEA Special Agents in which he identified himself and admitted to participating in the conspiracy to transport narcotics on board the aircraft.[2]

During a lawful search of the pickup truck and aircraft, law enforcement authorities seized more than 1,000 kilograms of cocaine in total.).  Additionally, during the search of the plane, law enforcement authorities located a metal plate displaying a serial number corresponding to an aircraft with an active United States registration number.  United States law enforcement authorities lawfully obtained a 10-kilogram sample of the suspected cocaine, which later tested positive for cocaine.

The Government's evidence at trial will include eyewitness testimony from law enforcement witnesses; electronic evidence retrieved from the aircraft used to transport the shipment of cocaine; photographs of the drug seizure; the Defendant's statements; and physical evidence, such as the cocaine seized during the investigation and other sources.

On June 9, 2022, the Government submitted a provisional arrest request ("PAW") to Honduran authorities, which subsequently resulted in an issuance of a PAW on June 15, 2022. Honduran authorities arrested the Defendant on June 24, 2022, pursuant to the PAW, and the Defendant has been in continuous custody in Honduras since.  On August 16, 2022, the Government presented a formal extradition request to Honduran authorities, who subsequently extradited the Defendant on October 13, 2022.

---

[2] The Defendant was later released from custody in Belize.

The Defendant is a citizen of Honduras. He has no legal status in the United States and has been paroled into this country by virtue of his extradition to the United States from Honduras and solely for the purpose of facing prosecution on the identified charges. The United States is not aware that the Defendant has any contacts in the United States, nor, in this District, other than any co-conspirators related to this Indictment.

## ARGUMENT

### A.   The Bail Reform Act Standard

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, federal courts must order a defendant's pretrial detention upon determining that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). Detention is thus appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *E.g.*, *United States v. Fernandez Velez*, 608 F. Supp. 2d 93, 94 (D.D.C. 2009). To arrive at the first conclusion, a finding of dangerousness must be supported by clear and convincing evidence. *E.g.*, *United States v. Simpkins*, 826 F.2d 94, 98 (D.C. Cir. 1987); *Fernandez Velez*, 608 F. Supp. 2d at 94. In contrast, a finding of risk of flight must be supported by a preponderance of the evidence. *E.g.*, *Simpkins,* 826 F.2d at 96; *Fernandez Velez*, 608 F. Supp. 2d at 94.

### B.   Presumption of Dangerousness and Risk of Flight

When a defendant is charged with an offense for which the Controlled Substance Act mandates a minimum 10-year sentence, there is a rebuttable presumption that "no condition or combination of conditions" can reasonably assure the defendant's appearance and the community's safety. 18 U.S.C. § 3142(e)(3)(A). An indictment charging a qualifying offense is sufficient to establish the probable cause necessary to trigger this rebuttable presumption. *United*

4

*States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996); *United States v. Addison*, 217 F. Supp. 3d 69, 73 (D.D.C. 2016); *United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986).

To rebut the presumption, the defendant must present credible evidence to the contrary. *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985). Specifically, the defendant must show that "the specific nature of the crimes charged or . . . something about their individual circumstances" establishes that he is not a danger or likely to flee. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996). However, any attempt by the defendant to defeat the presumption is not dispositive; rather, courts must also consider evidence relevant to the four factors listed in 18 U.S.C. § 3142(g). *See* discussion *infra* Part C; *see also Legille v. Dann*, 544 F.2d 1, 6 (D.C. Cir. 1976); *Addison*, 217 F. Supp. 3d at 74; *United States v. Ali*, 793 F. Supp. 2d 386, 388 (D.D.C. 2011).

Here, a federal grand jury returned an indictment charging the Defendant with conspiracy to distribute five kilograms or more of cocaine on board an aircraft registered in the United States, in violation of 21 U.S.C. §§ 959(c), 960, 963, and 18 U.S.C. § 2, and distribution of five kilograms or more of cocaine on board an aircraft registered in the United States, in violation of 21 U.S.C. §§ 959(c) and 960, and 18 U.S.C. § 2. These charges impose a mandatory minimum sentence of 10 years set forth in 21 U.S.C. § 960(b)(1)(B)(ii). Accordingly, there is a presumption that the Defendant should be detained as both a risk flight and a danger to the community. *See* 18 U.S.C. § 3142(e)(3)(A).

Furthermore, for the reasons discussed below, no condition or combination of conditions will reasonably assure the appearance of the Defendant or the safety of the community. The Defendant should therefore be detained pending trial.

**C.     The Bail Reform Act Factors**

The Bail Reform Act lists the following four factors as relevant to the determination of whether detention is appropriate:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

1. <u>Nature and Circumstances of the Offense</u>

For the first factor to weigh in favor of pretrial detention, the government need establish probable cause to believe that a defendant engaged in a drug trafficking offense. *See, e.g.*, *United States v. Garcia*, 312 F. Supp. 3d 36, 42 (D.D.C. 2018). Additionally, the possibility of a severe sentence is a means of establishing the gravity of an offense and, as a result, a defendant's incentive to flee. *See, e.g.*, *United States v. Hong Vo*, 978 F. Supp. 2d 41, 43 (D.D.C. 2013) (holding that the potential of a severe sentence creates a substantial incentive to flee and thus the nature and circumstances of such offenses strongly favor detention).

In this case, the details of the Defendant's charges as well as the sentence he faces show that the nature and circumstances of the offense require pretrial detention. The Defendant's

charges involve international trafficking of a controlled substance.  Specifically, the Defendant is charged with conspiracy to distribute five kilograms or more of cocaine on board an aircraft registered in the United States and distribution of five kilograms or more of cocaine on board an aircraft registered in the United States.  In fact, the quantity involved in the charged offense was substantially greater: more than 1,000 kilograms in just one aircraft transport.  Furthermore, the Defendant faces a minimum sentence of 10 years, if convicted.  18 U.S.C. § 960(b)(2)(B)(ii).  However, due to the details of the Defendant's offense, a preliminary examination of the U.S. Sentencing Guidelines advises a range of at least between 235 to 293 months (roughly 19 to 24 years).  U.S.S.G. § 2D1.1 (U.S. SENT'G COMM'N 2021).  This range indicates that the Defendant would have a strong incentive to flee.

Additionally, federal courts have repeatedly recognized that "[f]light to avoid prosecution is particularly high among persons charged with major drug offenses," because "drug traffickers often have established ties outside the United States . . . [and] have both the resources and foreign contacts to escape to other countries." *Alatishe*, 768 F.2d at 369 n.13 (citing S. Rep. No. 98-225, at 20 (1983)).  Congress has therefore determined that defendants who commit such crimes pose a special flight risk as well as a special risk of danger to the community. *See id.*; *United States v. Bess*, 678 F. Supp 929, 934 (D.D.C. 1988).Federal courts have repeatedly recognized that "[f]light to avoid prosecution is particularly high among persons charged with major drug offenses," because "drug traffickers often have established ties outside the United States . . . [and] have both the resources and foreign contacts to escape to other countries." *Alatishe*, 768 F.2d at 369 n.13 (citing S. Rep. No. 98-225, at 20 (1983)).

Congress's determination is particularly evident in the type of transnational crime which the Defendant has conspired to engage in, spanning multiple countries, involving large quantities

7

of cocaine, and having the potential to generate hundreds of millions of dollars. Further, the Defendant's DTO has demonstrated the skills and means necessary to coordinate the transportation and distribution of large quantities of cocaine. The Defendant would, therefore, view even a substantial bond as merely the cost of doing business.

    2.    <u>Weight of the Evidence</u>

Where the evidence of guilt is strong, it provides an additional incentive to flee. *See, e.g.*, *Addison*, 217 F. Supp. 3d at 75; *United States v. Vergara*, 612 F. Supp. 2d 36, 37 (D.D.C. 2009). The Government's evidence for trial is overwhelming to include eyewitness testimony from law enforcement witnesses; electronic evidence retrieved from the aircraft used to transport the shipment of cocaine; photographs of the drug seizure; the Defendant's statements; and physical evidence, such as the cocaine seized during the investigation and other sources. Given the strength of the evidence against the Defendant, he is a flight risk and should thus be detained pending trial.

    3.    <u>History and Characteristics of the Defendant</u>

The prior history and characteristics of the Defendant establish an inherent risk of flight and inability to comply with any conditions or release the Court would impose. Specifically, the Defendant has no known family or community ties with the United States, has the motive and means to flee the country, and is subject to an immigration detainer.

First, the history and characteristics of the Defendant favor detention because he has no family or community ties in the United States and possesses both the motive and means to flee the country. In *United States v. Anderson*, 384 F. Supp. 2d 32, 36 (D.D.C. 2005), the court held that the defendant's history and characteristics favored pretrial detention when he lacked ties to the District of Columbia, possessed the ability to live comfortably abroad, and had access to foreign

contacts.  *See also Hong Vo*, 978 F. Supp. 2d at 43 (finding that foreign contacts and experience living abroad supported pretrial detention).

Here, the Defendant is a Honduran citizen and has conducted significant drug trafficking activity in Venezuela and Belize.  The Government is not aware that he has any contacts in the United States.  He has no known assets, employment, or property in the United States.  He is here solely for the purpose of federal prosecution.  In contrast, the Defendant has significant foreign drug trafficking contacts and, through these contacts, access to the financial resources needed to pay even a large bond.  Accordingly, the Defendant's lack of local ties and access to a broad network of foreign contacts ensures that he is a significant flight risk.

Additionally, as noted above, the Defendant is a Honduran citizen and has no immigration status in the United States.  He was paroled into the country solely for purposes of prosecution and is therefore subject to an immigration detainer.  If released on bond, he would likely face ICE detention and removal from the country—a consequence that weighs in favor of pretrial detention.  *See United States v. Bikundi*, 73 F. Supp. 3d 51, 58 (D.D.C. 2014) (holding that potential confinement at an ICE facility combined with strong overseas ties "militate[s] strongly in favor of detention on grounds that the defendant presents a flight risk").  The history and characteristics of the Defendant display his means, motive, and opportunity to flee the country; he should therefore be detained pending trial.

    4.    <u>Danger to the Community</u>

A determination of dangerousness to the community must be supported by clear and convincing evidence.  18 U.S.C. § 3142(f).  To detain a defendant based on dangerousness to the community, therefore, a court need only identify a threat to either an individual or to the community, which need not be physical.  *United States v. Munchel*, 991 F.3d 1273, 1283 (D.C.

9

Cir. 2021). Federal courts have recognized that drug traffickers are likely to continue engaging in drug-related activities if released on bail and thus constitute a danger to the community. *See, e.g., Alatishe*, 768 F.2d at 370 n.13 (citing S. Rep. No. 98-225 at 20 (1983), reprinted in 1984 U.S.C.C.A.N. 1, 23); *accord United States v. Creekmore*, No. CR97-624-M, 1997 WL 732435 (D.D.C. Sep. 25, 1997). In order to detain a defendant based on dangerousness to the community, "a court must identify an articulable threat posed by the defendant to an individual or the community. The threat need not be of physical violence … But it must be clearly identified." *Munchel*, 991 F.3d at 1283. "Whether the defendant poses a threat of dealing drugs, for instance, may depend on the defendant's past experience dealing … and [his] means of continuing to so in the future." *Id.*

Here, the Defendant's experience in drug trafficking shows that he is a danger to the community. By his own admission, from 2014 until his initial arrest in 2019, the Defendant participated in the transportation and distribution of significant quantities of cocaine, a dangerous and addictive controlled substance. Additionally, other alleged members of the conspiracy remain fugitives. Thus, due to this history and the Defendant's access to the resources needed to continue his drug trafficking activities, there is a significant likelihood that the Defendant would pose a significant threat to the community, both here in the United States and abroad, if released.

## **CONCLUSION**

For the foregoing reasons, the Government has proven by a preponderance of evidence that no condition or combination of conditions would reasonably assure the appearance of the Defendant as required. Given the nature and the circumstances of the crimes charged, to which a presumption of detention is attached, and the specific history and characteristics of the Defendant, detention is warranted. Second, the Defendant's dangerousness, to which a presumption of

detention is also attached, is evidenced through the substantial resources available to continue his drug-trafficking business.  Thus, the Government has shown by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community.  The Defendant should therefore be detained pending trial.

**WHEREFORE**, for the foregoing reasons, the Government submits that the Defendant should be detained pending trial.

Respectfully submitted this 14th day of October, 2022.

ARTHUR G. WYATT, Chief
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

By:      /s/
Imani D. Hutty
Trial Attorney
145 N Street, Northeast,
East Wing, Second Floor
Washington, D.C. 20530
(202) 305-9283
Imani.Hutty@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing Government's Motion for Pretrial Detention was filed on the 14th of October 2022. At this time, there is no defense counsel of record that has filed a notice of appearance. However, the Government will ensure a copy is promptly served on subsequently assigned counsel.

By:     _____/s/_____
          Imani D. Hutty
          Trial Attorney
          145 N Street, Northeast,
          East Wing, Second Floor
          Washington, D.C. 20530
          (202) 305-9283
          Imani.Hutty@usdoj.gov